UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE   DIVISION

## CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

COREY MIllEDGE,

Inmate # Q12023 .

(Enter full name of Plaintiff)

vs.

CASE NO: 4:16CV 300 WS-CAS

(To be assigned by Clerk)

EDWIN BUSS SECRETARY,
KENNETH S. TUCKER SECRETARY,
R.E. WOODALL ASST. WARDEN,
BOZIE PERRY L.T.,
JOHN GREENE SGT.

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

HEITH BOX C/O
DANIEL HOWELL C/O
VICTOR NIEVES C/O
KENNY POLANCO C/O
ERNEST SODREL C/O
BRANDY PARRISH NURSE

## ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

I.      **PLAINTIFF:**

State your <u>full name</u>, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff:   COREY MILLEDGE

Inmate Number       Q12023

Prison or Jail:       SANTA ROSA CORRECTIONAL INSTITUTION

Mailing address:    5850 E. MILTON RD
                    MILTON, FL 32583

II.     **DEFENDANT(S):**

State the <u>name</u> of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address in the fourth line. Do the same for <u>**every**</u> Defendant:

(1)     Defendant's name:     EDWIN BUSS
        Official position:     FORMER SECRETARY OF THE FLORIDA DEPARTMENT OF CORRECTIONS
        Employed at:          UNKNOWN
        Mailing address:      UNKNOWN

(2)     Defendant's name:     KENNETH S. TUCKER
        Official position:     FORMER SECRETARY OF THE FLORIDA DEPARTMENT OF CORRECTIONS
        Employed at:          UNKNOWN
        Mailing address:      UNKNOWN

(3)     Defendant's name:     R. E. WOODALL
        Official position:     ASSISTANT WARDEN
        Employed at:          SUWANNEE CORRECTIONAL INSTITUTION
        Mailing address:      5964 U.S. HWY 90
                             LIVE OAK, FL 32060

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

CONTINUANCE

(4) DEFENDANT'S NAME: BOYZIE PERRY
OFFICIAL POSTITION: LIEUTENANT
EMPLOYED AT: SUWANNEE CORRECTIONAL INSTITUTION
MAILING ADDRESS: 5964 U.S. HWY 90
LIVE OAK, FL 32060

(5) DEFENDANT'S NAME: JOHN GREENE
OFFICIAL POSTITION: SERGEANT
EMPLOYED AT: SUWANNEE CORRECTIONAL INSTITUTION
MAILING ADDRESS: 5964 U.S. HWY 90
LIVE OAK, FL 32060

(6) DEFENDANT'S NAME: HEITH BOX
OFFICIAL POSTITION: CORRECTIONS OFFICER
EMPLOYED AT: SUWANNEE CORRECTIONAL INSTITUTION
MAILING ADDRESS: 5964 U.S. HWY 90
LIVE OAK, FL 32060

(7) DEFENDANT'S NAME: DANIEL HOWELL
OFFICIAL POSTITION: CORRECTIONS OFFICER
EMPLOYED AT: SUWANNEE CORRECTIONAL INSTITUTION
MAILING ADDRESS: 5964 U.S. HWY 90
LIVE OAK, FL 32060

(8) DEFENDANT'S NAME: VICTOR NIEVES
OFFICIAL POSTITION: CORRECTIONS OFFICER
EMPLOYED AT: SUWANNEE CORRECTIONAL INSTITUTION
MAILING ADDRESS: 5964 U.S. HWY 90
LIVE OAK, FL 32060

2(A)

CONTINUANCE

(9) DEFENDANT'S NAME: KENNY POLANCO
OFFICIAL POSTITION: CORRECTIONS OFFICER
EMPLOYED AT: SUWANNEE CORRECTIONAL INSTITUTION
MAILING ADDRESS: 5964 U.S. HWY 90
LIVE OAK, FL 32060

(10) DEFENDANT'S NAME: ERNEST SODREL
OFFICIAL POSTITION: CORRECTIONS OFFICER
EMPLOYED AT: SUWANNEE CORRECTIONAL INSTITUTION
MAILING ADDRESS: 5964 U.S. HWY 90
LIVE OAK, FL 32060

(11) DEFENDANT'S NAME: BRANDY PARRISH
OFFICIAL POSTITION: NURSE
EMPLOYED AT: SUWANNEE CORRECTIONAL INSTITUTION
MAILING ADDRESS: 5964 U.S. HWY 90
LIVE OAK, FL 32060

## NOTICE

(1) EACH NAMED **DEFENDANT** IS SUED INDIVIDUALLY
CAPACITY.

2(B)

III.     **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.

IV.     **PREVIOUS LAWSUITS**

NOTE:  FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A.     Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes( )                    No( ✓ )

1.     Parties to previous action:
(a)     Plaintiff(s): ___NOT-APPLICABLE___
(b)     Defendant(s): ___N/A___
2.     Name of judge: ___N/A___     Case #: ___N/A___
3.     County and judicial circuit: ___N/A___
4.     Approximate filing date: ___N/A___
5.     If not still pending, date of dismissal: ___N/A___
6.     Reason for dismissal: ___N/A___
7.     Facts and claims of case: ___N/A___

**(Attach additional pages as necessary to list state court cases.)**

B.     Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes( )                    No( ✓ )

1.     Parties to previous action:
a.     Plaintiff(s): ___Not-APPLICABLE___
b.     Defendant(s): ___N/A___
2.     District and judicial division: ___N/A___
3.     Name of judge: ___N/A___     Case #: ___N/A___
4.     Approximate filing date: ___N/A___
5.     If not still pending, date of dismissal: ___N/A___
6.     Reason for dismissal: ___N/A___

3

7.   Facts and claims of case: _____ N/A _____

_____

**(Attach additional pages as necessary to list other federal court cases.)**

C.   Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes(✓)                    No(  )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1.   Parties to previous action:
     a.   Plaintiff(s): _____ COREY MILLEDGE _____
     b.   Defendant(s): _____ WALTER MCNEIL, ET AL _____
2.   District and judicial division: _____ MIDDLE DISTRICT OF JACKSONVILLE _____
3.   Name of judge: _____ I DONT RECALL _____ Case #: 3:07-CV-976-J-34MCR
4.   Approximate filing date: _____ I DONT RECALL _____
5.   If not still pending, date of dismissal: _____ NOT-APPLICABLE _____
6.   Reason for dismissal: _____ NOT-APPLICABLE _____
7.   Facts and claims of case: _____ EXCESSIVE FORCE _____

_____

**(Attach additional pages as necessary to list cases.)**

D.   Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes(  )                    No(✓)

1.   Parties to previous action: _____ NOT-APPLICABLE _____
     a.   Plaintiff(s): 
     b.   Defendant(s): _____ N/A _____
2.   District and judicial division: _____ N/A _____
3.   Name of judge: _____ N/A _____ Case Docket # _____ N/A _____
4.   Approximate filing date: _____ N/A _____ Dismissal date: _____ N/A _____
5.   Reason for dismissal: _____ N/A _____

4

CONTINUANCE

1. PARTIES TO PREVIOUS ACTION:
   A. PLAINTIFF(S): COREY MILLEDGE
   B. DEFENDANT(S): WALTER MCNEIL, ET AL
2. DISTRICT AND JUDICIAL DIVISION: MIDDLE DISTRICT OF JACKSONVILLE
3. NAME OF JUDGE: MONTE C. RICHARDSON CASE #3:14-CV-248-J-32MCR
4. APPROXIMATE FILING DATE: I DON'T RECALL
5. IF NOT STILL PENDING, DATE OF DISMISSAL: NOT-APPLICABLE
6. REASON FOR DISMISSAL: NOT-APPLICABLE
7. FACTS AND CLAIMS OF CASE: EXCESSIVE FORCE


1. PARTIES TO PREVIOUS ACTION:
   A. PLAINTIFF(S): COREY MILLEDGE
   B. DEFENDANT(S): KENNETH S. TUCKER
2. DISTRICT AND JUDICIAL DIVISION: NORTHERN DISTRICT OF TALLAHASSEE
3. NAME OF JUDGE: MAURICE M. PAUL CASE #4:12-CV-555-MP-CAS
4. APPROXIMATE FILING DATE: I DON'T RECALL
5. IF NOT STILL PENDING, DATE OF DISMISSAL: 1-3-2013
6. REASON FOR DISMISSAL: NOT EXHAUSTING STATE REMEDIES
7. FACTS AND CLAIMS OF CASE: BEING ILLEGAL DETAINED


1. PARTIES TO PREVIOUS ACTION:
   A. PLAINTIFF(S): COREY MILLEDGE
   B. DEFENDANT(S): MICHAEL D. CREWS
2. DISTRICT AND JUDICIAL DIVISION: NORTHERN DISTRICT OF TALLAHASSEE
3. NAME OF JUDGE: MARK E. WALKER CASE #4:13-CV-406-MW-CAS
4. APPROXIMATE FILING DATE: I DON'T RECALL
5. IF NOT STILL PENDING, DATE OF DISMISSAL: NOT-APPLICABLE
6. REASON FOR DISMISSAL: NOT-APPLICABLE
7. FACTS AND CLAIMS OF CASE: BEING ILLEGAL DETAINED


4(A)

CONTINUANCE

1. PARTIES TO PREVIOUS ACTION:
   A. PLAINTIFF (S): COREY MILLEDGE
   B. DEFENDANT(S): SECRETARY DEPT. OF CORR.
2. DISTRICT AND JUDICIAL DIVISION: NORTHERN DISTRICT OF TALLAHASSEE
3. NAME OF JUDGE: GARY JONES CASE # 4:14-CV-295-MW-GRJ
4. APPROXIMATE FILING DATE: I DON'T RECALL
5. IF NOT STILL PENDING, DATE OF DISMISSAL: NOT-APPLICABLE
6. REASON FOR DISMISSAL: NOT-APPLICABLE
7. FACTS AND CLAIMS OF CASE: BEING ILLEGAL DETAINED


1. PARTIES TO PREVIOUS ACTION:
   A. PLAINTIFF (S): COREY MILLEDGE
   B. DEFENDANT(S): JULIE JONES ET AL
2. DISTRICT AND JUDICIAL DIVISION: NORTHERN DISTRICT OF TALLAHASSEE
3. NAME OF JUDGE: CHARLES A. STAMPELOS CASE # 4:15-CV-577-WS-CAS
4. APPROXIMATE FILING DATE: I DON'T RECALL
5. IF NOT STILL PENDING, DATE OF DISMISSAL: NOT-APPLICABLE
6. REASON FOR DISMISSAL: NOT-APPLICABLE
7. FACTS AND CLAIMS OF CASE: FAILED TO PROTECT CASE

4(B)

6.   Facts and claims of case: ___N /A_____

_____

**(Attach additional pages as necessary to list cases.)**

## V.   STATEMENT OF FACTS:

State briefly the FACTS of this case.  Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim.  In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered paragraphs.  You may make copies of this page if necessary to supply all the facts.  Barring extraordinary circumstances, no more than five (5) additional pages should be attached.  **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

1. PLAINTIFF COREY MILLEDGE IS AN INMATE IN THE CUSTODY OF THE FLORIDA DEPARTMENT OF CORRECTIONS WHO IS SERVING A FIFTEEN (15) YEAR PRISON SENTENCE FOR THE CHARGES OF : FELONY BATTERY, BATTERY ON SPECIFIED EMPLOYEE, BATTERY ON INMATE, BATTERY ON A LAW ENFORCEMENT, AND POSSESSION OF CONTRABAND.

2. AT ALL TIMES RELEVANT TO THE INCIDENT HEREIN, PLAINTIFF COREY MILLEDGE WAS TWENTY-FIVE (25) YEARS OLD, WITH A HEIGHT OF 5'7", AND WEIGHING 150 POUNDS.

3. ON JUNE 22, 2012, PLAINTIFF COREY MILLEDGE WAS AN INMATE AT THE SUWANNEE CORRECTIONAL INSTITUTION. DEFENDANT NURSE BRANDY PARRISH AND OTHER CORRECTIONS OFFICERS BEAT PLAINTIFF. AS A RESULT,

PLAINTIFF WAS SERIOUSLY INJURED.

4. BEFORE THE INCIDENT TOOK PLACE ON JUNE 22, 2012, DEFENDANTS WOODALL AND BUSS WERE AWARE THROUGH FORMAL GRIEVANCE COMPLAINT THAT NURSE PARRISH TOLD HER HUSBAND (MR. PARRISH) TO "BEAT" PLAINTIFF ASS. DEFENDANTS WOODALL AND BUSS WERE ALSO AWARE THAT BOTH MS. PARRISH AND MR. PARRISH AND NURSE ROBINSON BEAT PLAINTIFF IN THE MEDICAL ROOM WHILE PLAINTIFF WAS IN HANDCUFFS AND LEG SHACKLES.

5. PRIOR TO THE JUNE 22, 2012 INCIDENT, DEFENDANT'S WOODALL AND TUCKER WERE AWARE THROUGH FORMAL GRIEVANCE COMPLAINT THAT SERGEANT WOOD THREATENED PLAINTIFF SAYING, "I'm GOING TO KILL YOU, I'm GOING TO TRY MY BEST TO HURT YOU FOR THROWING SHIT ON MY OFFICER, IF I DONT GET YOU TODAY I WILL GET YOU LATER, IF I DONT GET YOU ANOTHER OFFICER WILL!"

6. PRIOR TO THE EVENTS IN QUESTION, DEFENDANT'S WOODALL AND TUCKER WERE

CONTINUANCE

AWARE THROUGH FORMAL GRIEVANCE COMPLAINT THAT LIEUTENANT CANNON THREATENED PLAINTIFF SAYING, "YOU THREW SHIT ON MY OFFICER, YOU ARE GOING ON A HELICOPTER, I'm GOING TO GET YOU, I'm GOING TO SPRAY YOU AND KEEP HANDCUFFS ON YOU AND TURN OFF THE CAMERA AND COME BACK AND LET MY OFFICERS BEAT YOU TO SLEEP, YOU HAVE A HIT ON YOUR HEAD AS LONG AS YOU STAY AT SUWANNEE."

7. BEFORE THE INCIDENT IN QUESTION, DEFENDANT'S WOODALL AND TUCKER WERE AWARE THROUGH FORMAL GRIEVANCE COMPLAINT THAT COLONEL LEAVING THREATENED PLAINTIFF SAYING, "YOU ARE GOING TO GET FUCK UP FOR THROWING SHIT ON MY OFFICER, IT WILL NOT BE TODAY BUT IT GOING TO HAPPEN!"

8. PRIOR TO THE JUNE 22, 2012 INCIDENT, DEFENDANT TUCKER WERE AWARE THROUGH FORMAL GRIEVANCE COMPLAINT THAT WARDEN LANDRUM THREATENED PLAINTIFF SAYING, "YOU ARE GOING TO PAY FOR THAT, WE ARE GOING TO GET YOU, AND HURT YOU BAD!"

9. ON THE ABOVE DATE, PLAINTIFF COREY MILLEDGE WAS HOUSED IN H-DORM. H-DORM IS THE TRANSIT CARE UNIT (TCU) FOR MENTAL ILL INMATES. AN OFFICER CAME TO MILLEDGE'S CELL. THE OFFICER

6(A)

CONTINUANCE

TOLD MILLEDGE THAT THE MENTAL HEALTH TEAM WANTED TO SEE HIM. THE OFFICER ASKED MILLEDGE IF HE WOULD LIKE TO GO. MILLEDGE SAID "YES." AN OFFICER PLACED HANDCUFFS AND LEG SHACKLES ON MILLEDGE AND PLACED MILLEDGE IN A SHOWER CELL AND WALKED AWAY.

10. NURSE PARRISH AND DEFENDANT CORRECTIONS OFFICER ERNEST SODREL CAME ON THE WING TOGETHER. NURSE PARRISH SAW MILLEDGE STANDING IN THE SHOWER CELL. NURSE PARRISH SAID TO MILLEDGE, "I'm GOING TO GET YOU FOR LIEING ON ME IN YOUR GRIEVANCE!" NURSE PARRISH AND OFFICER SODREL THEN WALKED AWAY.

11. AN OFFICER CAME TO THE SHOWER CELL AND ESCORTED MILLEDGE TO THE GROUP ROOM. MILLEDGE TALKED TO THE TREATMENT TEAM MEMBERS. AFTER THAT, MILLEDGE WALKED OUT OF THE GROUP ROOM. AN OFFICER REMOVED MILLEDGE HANDCUFFS AND LEG SHACKLES AND PLACED MILLEDGE BACK IN A SHOWER CELL AND WALKED AWAY.

12. DEFENDANT SERGEANT JOHN GREENE CAME TO THE SHOWER CELL SHORTY THEREAFTER. SERGEANT GREENE SAID TO MILLEDGE, "YOU THREW SHIT ON AN OFFICER, WE FIXING WHOOP YOUR ASS TODAY, LIEUTENANT CANNON AND SERGEANT WOOD

6(B)

CONTINUANCE

TOLD YOU WHAT TIME IT IS SO GET READY AND COME OUT TO THE HOLDING CELL AND GET IT OVER WITH!" MILLEDGE TOLD SERGEANT GREENE THAT HE NOT GOING TO THE HOLDING CELL.

13. UPON INFORMATION OR BELIEFS, SERGEANT GREENE CALL FOR DEFENDANT LIEUTENANT BOYZIE PERRY. LIEUTENANT PERRY CAME TO THE SHOWER CELL. LIEUTENANT PERRY ASKED MILLEDGE WHY HE REFUSING TO GO TO THE HOLDING CELL. MILLEDGE TOLD LIEUTENANT PERRY THAT SERGEANT GREENE HAD THREATENED HIM SAYING IN SO MANY WORDS, "WE FIXING WHOOP YOUR ASS TODAY FOR THROWING SHIT ON AN OFFICER SO COME OUT TO THE HOLDING CELL AND GET IT OVER WITH." MILLEDGE TOLD LIEUTENANT PERRY THAT NURSE PARRISH HAD ALSO THREATENED HIM SAYING, "I'm GOING TO GET YOU FOR LIEING ON ME IN YOUR GRIEVANCE!" MILLEDGE THEN TOLD LIEUTENANT PERRY THAT HE FEEL LIKE HIS LIFE IN DANGER AND WOULD LIKE TO GO IN PROTECTIVE CUSTODY AGAINST SERGEANT GREENE AND NURSE PARRISH. LIEUTENANT PERRY THEN TOLD MILLEDGE THAT THE OFFICERS ARE NOT GOING TO JUMP ON HIM. AFTER HEARING THAT, MILLEDGE TOLD LIEUTENANT PERRY THAT HE WILL GO TO THE HOLDING CELL.

14. SERGEANT GREENE PLACED HANDCUFFS AND LEG SHACKLES ON MILLEDGE AND ESCORTED MILLEDGE TO

6(C)

CONTINUANCE

THE HOLDING CELL. WHILE SERGEANT GREENE WAS ESCORTING MILLEDGE TO THE HOLDING CELL, SERGEANT GREENE SAID TO THE OFFICERS, "NOT RIGHT NOW, WAIT UNTIL THE DOCTOR LEAVE BEFORE WE BEAT HIS ASS." MILLEDGE WAS THEN PLACED IN A HOLDING CELL. SERGEANT GREENE AND OTHER CORRECTIONS OFFICERS WALKED AWAY.

15. OFFICER SODREL CAME TO THE HOLDING CELL APPROXIMATELY TEN MINUTES LATER. THE HOLDING CELL DOOR WAS OPENED. OFFICER SODREL ESCORTED MILLEDGE TO THE MEDICAL ROOM. ONCE INSIDE, NURSE PARRISH PUNCHED MILLEDGE REPEATEDLY IN THE FACE AREA WHILE MILLEDGE WAS IN HANDCUFFS AND LEG SHACKLES. OFFICER SODREL THEN SLAMMED MILLEDGE ON THE FLOOR. AS MILLEDGE LAY ON THE FLOOR IN HANDCUFFS AND LEG SHACKLES, OFFICER SODREL PUNCHED MILLEDGE IN THE FACE, HEAD, CHEST, AND OTHER PARTS OF HIS BODY WHILE NURSE PARRISH STOOD BY WATCHING AND SMILING.

16. OFFICER SODREL CONTINUED TO BEAT MILLEDGE WHILE MILLEDGE WAS IN HANDCUFFS AND LEG SHACKLES. OFFICER SODREL THEN KICKED MILLEDGE IN THE STOMACH, BACK, AND OTHER PARTS OF HIS BODY WHILE NURSE PARRISH CONTINUED TO WATCH AND SMILE. THE BEATING AGAINST MILLEDGE CEASED.

6 (D)

CONTINUANCE

17. DEFENDANT CORRECTIONS OFFICERS HEITH BOX AND KENNY POLANCO AND SERGEANT JOHN GREENE RANNED IN THE MEDICAL ROOM AND PUNCHED MILLEDGE IN THE FACE, HEAD, BACK, AND OTHER PARTS OF HIS BODY WHILE MILLEDGE WAS STILL IN HANDCUFFS AND LEG SHACKLES.

18. OFFICERS BOX AND POLANCO AND SERGEANT GREENE CONTINUED TO BEAT MILLEDGE WHILE MILLEDGE WAS STILL IN HANDCUFFS AND LEG SHACKLES. OFFICERS BOX AND POLANCO AND SERGEANT GREENE THEN TOOK TURN KICKING MILLEDGE IN THE HEAD, BACK, STOMACH, AND OTHER PARTS OF HIS BODY. THE BEATING AGAINST MILLEDGE CEASED. ONCE THE BEATING CEASED, SERGEANT GREENE SAT ON MILLEDGE BACK AND SLAMMED MILLEDGE HEAD AGAINST THE STEEL OF THE EXAMINATION BED LIKE THREE OR FOUR TIMES. SERGEANT GREENE THEN SLAMMED MILLEDGE HEAD ON THE FLOOR LIKE THREE OR FOUR TIMES AS WELL. OFFICER POLANCO THEN PUNCHED MILLEDGE IN THE FACE SEVERAL MORE TIMES.

19. THE PHYSICALLY ABUSE AGAINST MILLEDGE CEASED ONCE AGAIN. OFFICER BOX SAID TO SERGEANT GREENE, " I DONT WANT TO BE INVOLVED IN THIS USE OF FORCE!" SERGEANT GREENE REPLIED, " THE CAMERA OUT HERE IS NOT WORKING SO YOU WILL BE ALRIGHT!"

6 (E)

CONTINUANCE

**20.** AN OFFICER PLACED HANDHELD CAMERA ON MILLEDGE. AN NURSE SAW MILLEDGE FOR A POST USE-OF-FORCE PHYSICAL. THE OFFICERS THEN ESCORTED MILLEDGE TO HIS ASSIGNED CELL AND TOOK OFF MILLEDGE'S HANDCUFFS AND LEG SHACKLES AND WALKED AWAY.

**21.** LATER THAT DAY, DEFENDANT CORRECTIONS OFFICER VICTOR NIEVES CAME ON THE WING, PASSING OUT THE DINNER TRAYS. OFFICER NIEVES STOP AT MILLEDGE'S CELL DOOR AND PLACED A DINNER TRAY ON THE FLAP AND WALKED AWAY. OFFICER NIEVES **DID NOT** OPENED THE FLAP SO THAT MILLEDGE COULD GRAB HIS DINNER TRAY. OFFICER NIEVES **REFUSED** TO FEED MILLEDGE.

**22.** OFFICER NIEVES CAME BACK TO MILLEDGE'S CELL. OFFICER NIEVES GRABBED THE DINNER TRAY OFF THE FLAP AND GAVE MILLEDGE DINNER TRAY TO **ANOTHER INMATE** ON THE WING.

**23.** OFFICER NIEVES RETURNED TO MILLEDGE'S CELL WITH DEFENDANT CORRECTIONS OFFICER DANIEL HOWELL. OFFICER NIEVES ORDERED MILLEDGE TO SUBMIT HAND RESTRAINTS. THE FLAP WAS OPENED. MILLEDGE STUCK HIS HANDS OUT OF THE FLAP SO **THAT** OFFICERS NIEVES OR HOWELL COULD PUT HANDCUFFS AROUND HIS WRIST. ONCE MILLEDGE STUCK

6(F)

CONTINUANCE

HIS HANDS OUT OF THE FLAP, OFFICERS NIEVES AND HOWELL GRABBED MILLEDGE'S RIGHT HAND AND PULLED MILLEDGE'S RIGHT ARM OUT OF THE FLAP. THIS WAS CAPTURED ON THE **SURVEILLANCE** CAMERA'S AT SUWANNEE CORRECTIONAL INSTITUTION. MILLEDGE **REQUESTED** THE SURVEILLANCE CAMERA'S TO BE WITHHELD FOR FURTHER EVIDENCE.

**24.** OFFICER NIEVES **CONTINUED** TO PULL MILLEDGE'S RIGHT ARM THROUGH THE FLAP. OFFICER HOWELL THEN PLACED HANDCUFFS AROUND HIS KNUCKLES LIKE (**BRASS KNUCKLES**) AND PUNCHED MILLEDGE REPEATEDLY IN THE HAND WHILE OFFICER NIEVES WAS PULLING MILLEDGE'S RIGHT ARM THROUGH THE FLAP.

**25.** OFFICERS BOX AND POLANCO AND SERGEANT GREENE CAME TO MILLEDGE'S CELL. ONE OF THE OFFICERS PLACED HANDCUFF'S ON MILLEDGE'S LEFT WRIST. OFFICER BOX SAW THAT. OFFICER BOX TOLD THE CONTROL ROOM OFFICER OVER THE RADIO TO OPEN MILLEDGE'S CELL DOOR. OFFICER BOX SAW THAT THE CELL DOOR DID NOT OPENED. OFFICER BOX ONCE AGAIN TOLD THE CONTROL ROOM OFFICER OVER THE RADIO TO OPEN MILLEDGE'S CELL DOOR. OFFICER BOX THEN GRABBED THE DOOR KNOBE AND STARTED PUSHING AGAINST IT. THE CELL CAME OPENED. ONCE THE CELL DOOR CAME OPENED, OFFICER BOX LEND IN THE CELL AND PUNCHED MILLEDGE IN THE FACE AND HEAD AREA WHILE OFFICER NIEVES WAS PULLING

6(G)

CONTINUANCE

MILLEDGE'S RIGHT ARM THROUGH THE FLAP. OFFICERS POLANCO AND HOWELL AND SERGEANT GREENE STOOD BY WATCHING AND **DID NOT** INTERVENE WHEN THEY HAD AN OPPORTUNITY TO DO SO.

26. OFFICER BOX CONTINUED TO BEAT MILLEDGE UNTIL HE **FELL** UNCONSCIOUS. OFFICERS POLANCO HOWELL AND NIEVES AND SERGEANT GREENE CONTINUED TO WATCH. MILLEDGE REGAINED HIS CONSCIOUSNESS.

27. AN NURSE SAW MILLEDGE FOR A POST USE-OF-FORCE PHYSICAL. MILLEDGE WAS THEN TRANSFERED TO ANOTHER PRISON.

28. AS A RESULT OF THE ATTACK, PLAINTIFF SUFFERED INJURIES TO HIS EYES, RIGHT SHOULDER, AND BACK CAUSING HIM PAIN.

29. AFTER THE INCIDENT IN QUESTION, PLAINTIFF MILLEDGE HAS SUFFERED SEVERE EMOTIONAL DISTRESS AND ALSO SUFFERS FROM TERRIFYING "FLASHBACKS" AND "NIGHTMARES" FROM THE PHYSICAL ABUSE DEFENDANTS SUBJECTED HIM TO.

30. PLAINTIFF MILLEDGE USED THE PRISON GRIEVANCE SYSTEM TO **EXHAUST** HIS ADMINISTRATIVE

6(H)

CONTINUANCE

REMEDIES BEFORE FILING THIS LAWSUIT. PLAINTIFF ALSO HAD TWO AMENDED GRIEVANCES THAT WENT UNANSWER AFTER HE PLACED THE GRIEVANCES IN THE GRIEVANCE BOX.

31. EVERY CORRECTIONS OFFICER INCLUDING DEFENDANTS WHO WORK AT THE SUWANNEE CORRECTIONAL INSTITUTION HAD A DUTY TO PROTECT INMATES LIKE THE PLAINTIFF AND THEY REFUSED TO DO SO.

32. THE DEFENDANTS CAUSED PLAINTIFF INJURIES AND PAIN AND SUFFERING AND EMBARRASSMENT AND HUMILIATION AND EMOTIONAL DISTRESS AND ALSO CAUSED PLAINTIFF TO BE DEPRIVED OF HIS RIGHTS UNDER THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION.

## CLAIMS

COUNT I: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983 AGAINST DEFENDANT PARRISH

33. PLAINTIFF REALLEGES THE FACTS AS IF FULLY SET FORTH HEREIN.

34. DEFENDANT PARRISH IN RETALIATING AGAINST PLAINTIFF FOR FILING A GRIEVANCE WERE IN VIOLATION OF THE FIRST AMENDMENT TO THE CONSTITUTION.

6(I)

CONTINUANCE

35. DEFENDANT PARRISH BEAT PLAINTIFF ON JUNE 22, 2012, DUE TO PLAINTIFF FILING A PRIOR GRIEVANCE AGAINST HER.

36. AS A RESULT OF THE WRONGFUL ACTS ALLEGED ABOVE, PLAINTIFF SUFFERED BODILY INJURIES AND PAIN AND SUFFERING AND EMBARRASSMENT AND HUMILIATION AND EMOTIONAL DISTRESS.

# COUNT II: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42. U.S.C. 1983 AGAINST DEFENDANTS WOODALL, BUSS, TUCKER, AND PERRY

37. PLAINTIFF REALLEGES THE FACTS AS IF FULLY SET FORTH HEREIN.

38. DEFENDANTS WOODALL, BUSS, TUCKER, AND PERRY DELIBERATE INDIFFERENCE TO SUBSTANTIAL RISK OF HARM PLAINTIFF FACED WERE IN VIOLATION OF THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION, PROHIBITING CRUEL AND UNUSUAL PUNISHMENT.

39. THE COMPLAINED OF BEHAVIOR OF OFFICERS BOX, GREENE, HOWELL, NIEVES, POLANCO, AND SODREL AND NURSE PARRISH OCCURRED IN THE FLORIDA DEPARTMENT OF CORRECTIONS AT SUWANNEE CORRECTIONAL INSTITUTION UNDER DEFENDANTS WOODALL, BUSS, TUCKER, AND PERRY SUPERVISION.

40. BEFORE THE INCIDENT TOOK PLACE ON JUNE 22, 2012, DEFENDANTS WOODALL AND BUSS

6(J)

CONTINUANCE

WERE AWARE THROUGH FORMAL GRIEVANCE COMPLAINT THAT NURSE PARRISH TOLD HER HUSBAND (MR. PARRISH) TO "BEAT" PLAINTIFF ASS. DEFENDANTS WOODALL AND BUSS WERE ALSO AWARE THAT BOTH NURSE MS. PARRISH AND MR. PARRISH AND NURSE ROBINSON BEAT PLAINTIFF IN THE MEDICAL ROOM WHILE MILLEDGE WAS IN HANDCUFFS AND LEG SHACKLES.

41. PRIOR TO THE JUNE 22, 2012 INCIDENT, DEFENDANTS WOODALL AND TUCKER WERE AWARE THROUGH FORMAL GRIEVANCE COMPLAINT THAT SERGEANT WOOD THREATENED PLAINTIFF SAYING, 'I'm GOING TO KILL YOU, I'm GOING TO TRY MY BEST TO HURT YOU, FOR THROWING SHIT ON MY OFFICER, IF I DONT GET YOU TODAY I WILL GET YOU LATER, IF I DONT GET YOU ANOTHER OFFICER WILL!"

42. PRIOR TO THE EVENTS IN QUESTION, DEFENDANTS WOODALL AND TUCKER WERE AWARE THROUGH FORMAL GRIEVANCE COMPLAINT THAT LIEUTENANT CANNON THREATENED PLAINTIFF SAYING, "YOU THREW SHIT ON MY OFFICER, YOU ARE GOING ON A HELICOPTER, I'm GOING TO GET YOU, I'm GOING TO SPRAY YOU AND KEEP HANDCUFFS ON YOU AND TURN OFF THE CAMERA AND COME BACK AND LET MY OFFICERS BEAT YOU TO SLEEP, YOU HAVE A HIT ON YOUR HEAD AS LONG AS YOU STAY AT SUWANNEE!"

43. BEFORE THE INCIDENT IN QUESTION, DEFENDANTS WOODALL AND TUCKER WERE AWARE

6(k)

CONTINUANCE

THROUGH FORMAL GRIEVANCE COMPLAINT THAT
COLONEL LEAVING THREATENED PLAINTIFF SAYING,
"YOU ARE GOING TO GET FUCK UP FOR THROWING
SHIT ON MY OFFICER, IT WILL NOT BE TODAY
BUT IT GOING TO HAPPEN!"

44. PRIOR TO THE JUNE 22, 2012 INCIDENT,
DEFENDANT TUCKER WERE AWARE THROUGH
FORMAL GRIEVANCE COMPLAINT THAT WARDEN
LANDRUM THREATENED PLAINTIFF SAYING, "YOU
ARE GOING TO PAY FOR THAT, WE ARE GOING
TO GET YOU, AND HURT YOU BAD!"

45. PRIOR TO THE EVENTS IN QUESTION,
DEFENDANT PERRY WERE AWARE THAT SERGEANT
GREENE THREATENED PLAINTIFF SAYING, "WE FIXING
WHOOP YOUR ASS TODAY FOR THROWING SHIT ON
AN OFFICER SO COME OUT TO THE HOLDING CELL
AND GET IT OVER WITH."

46. PRIOR TO THE EVENTS IN QUESTION,
DEFENDANT PERRY WERE AWARE THAT NURSE
PARRISH THREATENED PLAINTIFF SAYING, "I'm
GOING TO GET YOU FOR LIEING ON ME IN
YOUR GRIEVANCE!"

47. THE ABOVE FACTS SUPPORT AN INFERENCE
THAT **DEFENDANTS** WOODALL, BUSS, TUCKER, AND
PERRY **KNEW** THAT OFFICERS BOX, GREENE, HOWELL,
NIEVES, POLANCO, AND SODREL AND NURSE PARRISH
POSED A RISK OF SERIOUS HARM TO PLAINTIFF
AND WERE **DELIBERATE INDIFFERENT** TO THE RISK

6 (L)

CONTINUANCE

OF HARM IN FAILING TO PROTECT OR FAILING TO TAKE REASONABLE STEPS AIMED AT PREVENTING THE ATTACK. DEFENDANTS WOODALL, BUSS, TUCKER, AND PERRY IN FAILING TO PROTECT OR FAILING TO TAKE REASONABLE STEPS AIMED AT PREVENTING THE ATTACK ENABLED OFFICERS BOX, GREENE, HOWELL, NIEVES, POLANCO, AND SODREL AND NURSE PARRISH WHO PHYSICALLY ABUSED MILLEDGE.

48. AS A RESULT OF THE WRONGFUL ACTS ALLEGED ABOVE, PLAINTIFF SUFFERED BODILY INJURIES AND PAIN AND SUFFERING AND EMBARRASSMENT AND HUMILIATION AND EMOTIONAL DISTRESS.

COUNT III: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983 AGAINST DEFENDANTS BOX, GREENE, HOWELL, NIEVES, POLANCO, PARRISH, AND SODREL

49. PLAINTIFF REALLEGES THE FACTS AS IF FULLY SET FORTH HEREIN.

50. DEFENDANTS BOX, GREENE, HOWELL, NIEVES, POLANCO, PARRISH, AND SODREL IN PHYSICALLY ABUSING OR FAILING TO INTERVENE IN THE PHYSICAL ABUSE OF PLAINTIFF WERE IN VIOLATION OF THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION, PROHIBITING CRUEL AND UNUSUAL PUNISHMENT.

51. DEFENDANTS BOX, GREENE, HOWELL, NIEVES, POLANCO, PARRISH, AND SODREL USED EXCESSIVE FORCE

CONTINUANCE

AGAINST PLAINTIFF. DEFENDANT'S HOWELL AND NIEVES ALSO WATCHED PART OF PHYSICAL ABUSE AGAINST PLAINTIFF AND **DID NOT INTERVENE** WHEN THEY HAD AN OPPORTUNITY TO DO SO.

**52.** AS A RESULT OF THE WRONGFUL ACTS ALLEGED ABOVE, PLAINTIFF SUFFERED BODILY INJURIES AND PAIN AND SUFFERING AND EMBARRASSMENT AND HUMILIATION AND EMOTIONAL DISTRESS.

6 (N)

## VI.   STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific.  Number each separate claim and relate it to the facts alleged in Section V.  **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

EACH NAMED DEFENDANT VIOLATED PLAINTIFF RIGHTS UNDER THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION. SEE, THE ABOVE PAGE # 6I, 6J, 6K, 6L, 6M, AND 6N, FOR THE FACTS ALLEGED.

## VII.   RELIEF REQUESTED:

State briefly what relief you seek from the Court.  Do not make legal arguments or cite to cases/ statutes.

DECLARATION THAT DEFENDANT'S VIOLATED PLAINTIFF'S RIGHTS; COMPENSATORY DAMAGES AND PUNITIVE DAMAGES AGAINST EACH OF THE DEFENDANT'S HEREIN; A TRIAL BY JURY ON ALL ISSUES SO TRIABLE; AND ANY ADDITIONAL RELIEF THIS COURT DEEM JUST, PROPER, AND EQUITABLE.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.

5-16-2016
_____
(Date)

_____
(Signature of Plaintiff)

### IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☑ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the 16ᵗʰ day of MAY , 20 16 .

_____
(Signature of Plaintiff)

Revised 03/07

7

LOREY MELLEDGE D#020023
SANTA ROSA Correctional Institution
5850 E MILTON ROAD
MILTON, FL 32583

MAILED FROM A
STATE CORRECTIONAL
INSTITUTION

CLERK OF COURT
111 N. ADAMS STREET, SUIT
TALLAHASSEE, FL 32301-7

SEE BACK MAIL