**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**COREY MILLEDGE,**

    **Plaintiff,**

**VS.**                                                                        **Case No. 4:16cv300-WS/CAS**

**KENNETH S. TUCKER, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, filed an amended complaint on January 9, 2017. ECF No. 27. That version of the complaint was reviewed as required by 28 U.S.C. § 1915A and deemed sufficient to alert Defendants to the nature and basis of Plaintiff's claims. Because it could not be said that Plaintiff's amended complaint failed to state a claim upon which relief may be granted, an Order was entered on January 13, 2017, requiring Plaintiff to submit identical copies of his amended complaint for service on the Defendants. ECF No. 28. Plaintiff complied, ECF No. 29, and subsequently filed a motion to direct service of process, ECF No. 30, and a motion requesting issuance of an order directing the General Counsel for

the Department of Corrections to provide the last known addresses for several Defendants who are no longer employed by the Department, ECF No. 31.  Ruling on those motions is deferred.

In the course of preparing to direct service, it is noted that Plaintiff is housed at Hardee Correctional Institution which is in Bowling Green, Florida.  The vast majority of the Defendants were alleged to be located at Suwannee Correctional Institution at the time of the events at issue.  ECF No. 27.  The events allegedly occurred at Suwannee Correctional Institution while Plaintiff was still housed there.  Suwanee Correctional Institution is located in Live Oak, Florida.  *Id.*

Both Live Oak and Bowling Green are within the jurisdiction of the Middle District of Florida.  28 U.S.C. § 89(b).  The venue statute provides that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."  28 U.S.C. § 1391(b)(1).  None of the Defendants whose addresses are known are within the jurisdiction of the Northern District of Florida.  Although it is possible that one or two Defendants may be located within this District at some point in the future, the most appropriate location to litigate this case is in the Middle District "in which a substantial part of

the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(2). This case was filed in the wrong district and venue is not appropriate here.  The proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Jacksonville Division.

When a case is filed in the wrong district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  A court may raise the issue of defective venue sua sponte, but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond.  Kapordelis v. Danzig, 387 F. App'x 905, 906 (11th Cir. 2010); Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988); Berry v. Salter, 179 F. Supp. 2d 1345, 1350 (M.D. Ala. 2001).  Justice would be better served to transfer this case to an appropriate forum rather than dismiss it.  There is no need for a hearing prior to directing transfer.  Should Plaintiff object to this recommendation, he must file objections as explained below in the Notice.

# RECOMMENDATION

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1406(a), it is respectfully **RECOMMENDED** that this case be transferred to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings including ruling on the pending motions. It is further **RECOMMENDED** that the Clerk of Court mail to the Middle District the ten service copies of Plaintiff's amended complaint, ECF No. 27.

**IN CHAMBERS** at Tallahassee, Florida, on March 15, 2017.

   s/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**