PROVIDED TO LAKE CI
ON 01/11/18 FOR MAILING.
DD MO YR
BY: P CW
OFFICERS AND INMATES INITIALS

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED
2018 JAN -8 PM 2:02

COREY MILLEDGE,
    PLAINTIFF,
V.                                        CASE NO.: 3:17-CV-483-J-39 MCR
KENNETH TUCKER, ET AL.,
    DEFENDANT(S).

## MOTION TO COMPEL DISCOVERY

PLAINTIFF PURSUANT TO FED.R.CIV.P. 37, MOVES THIS HONORABLE COURT FOR AN ORDER DIRECTING THE DEFENDANTS TO PRODUCE THE DOCUMENTS AND THE SURVEILLANCE CAMERA'S. PLAINTIFF WOULD SHOW IN SUPPORT THEREOF:

1. ON NOVEMBER 16, 2017, PLAINTIFF SERVED DEFENDANTS A WRITTEN REQUEST FOR PRODUCTION OF DOCUMENTS PURSUANT TO FED.R.CIV.P. 34. SEE EXHIBIT (A) PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS.

2. AFTER BEING SERVED, DEFENDANTS DID NOT RESPOND TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS WITHIN (30) DAYS AS THE RULE DIRECTS A PARTY TO DO. SEE, FED.R.CIV.P. 34(B)(2)(A) (DIRECTS THAT A PARTY MUST RESPOND TO A WRITTEN REQUEST FOR PRODUCTION OF DOCUMENT WITHIN (30) DAYS AFTER BEING SERVED WITH THE REQUEST.)

1

3. Defendants has made a decision not to cooperate in discovery. In light of that, Plaintiff moves for an order pursuant to FED.R.CIV.P. 37(A)(4) requiring Defendants to pay his court filing fee in obtaining this order, on the ground that refusal to produce the documents and the surveillance camera's had no substantial justification.

4. Plaintiff made attempt to confer with Defendant's before filing this motion, but was unsuccessful in resolving the matter. See, Exhibit (B) Plaintiff's letter.

5. Plaintiff also requests the court to treat this motion to extend discovery, and to delay a ruling on any summary judgment motion until Plaintiff received the documents and the surveillance camera's.

## MEMORANDUM OF LAW

Rule 34(A) permits a party to request documents from opposing party when those documents are "in the responding party's possession, custody, or control." See, Costa v. Kerzner Int'l Resorts, INC, 277 F.R.D. 468, 470 (S.D. Fla. 2011) (quoting Rule 34(A)). Control is defined not only as possession, but as the

2

legal right to obtain documents requested upon demand. SEE, SEAROCK V. STRIPLING, 736 F.2d 650, 653 (11th Cir. 1984). Control, therefore, does not require that a party have legal ownership or actual physical possession of the documents at **ISSUE**; indeed, documents have been considered to be under a party's control (for discovery purposes when that party has the right, authority, or **PRACTICAL** ability to obtain the material sought on demand.). SEE, COSTA, SUPRA, 277 F.R.D. at 471. Additionally, parties may obtain discovery on any nonprivileged matter that is relevant to any party's claim or defense. SEE DUGAN V. MIDDLEBROOKS, 2014 U.S. Dist. LEXIS 109714 (M.D. Fla. 2014), citing Rule 26(B)(1)). Also SEE, SMITH V. FLA. DEP'T OF CORR., 713 F.3d 1059 (11th Cir. 2013).

First, and most importantly, the documents and the surveillance cameras that was requested are **RELEVANT** to plaintiff's claims. The requested documents and the surveillance cameras will **HELP** plaintiff establish the facts of his claims. Moreover, the documents and the surveillance camera's that was requested will either show the incident, plaintiff's injuries, plaintiff's mental illness, officers misconduct, and inmates complaints

3

WHEREFORE, PLAINTIFF REQUESTS THE COURT GRANT THE MOTION, GRANT ANY OTHER RELIEF THAT PLAINTIFF MAYBE ENTITLED TO.

RESPECTFULLY SUBMITTED,

_____
COREY MILLEDGE DC# Q12023
LAKE C.I.
19225 U.S. HIGHWAY 27
CLERMONT, FL 34715

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE COPY OF THE FOREGOING MOTION TO COMPEL DISCOVERY WAS PLACED IN PRISON OFFICIAL HANDS TO BE SERVED BY U.S. MAIL ON THIS 4th DAY OF JANUARY 2018 TO:

ERIK KVERNE
ATTORNEY GENERAL OFFICE
PL-01 THE CAPITOL
TALLAHASSEE, FL 32399-1050

_____
COREY MILLEDGE DC# Q12023

4