UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

COREY MILLEDGE,

    Plaintiff,

v.                                Case No. 3:17-cv-483-J-39MCR

KENNETH S. TUCKER, et al.,

    Defendants.
_____

**ORDER**

1. Plaintiff's Objection (Doc. 141; Objection) to the Magistrate Judge's Order on his Motion to Compel is **SUSTAINED** to the extent Defendant Woodall is directed to supplement the response to Interrogatory #21. Plaintiff objects to the denial of his motion to compel (Doc. 140), arguing Defendant Woodall did not attempt to obtain information responsive to the interrogatory from sources under his[1] control. See Objection at 2. In Interrogatory #21, Plaintiff requested the following from Defendant Woodall: "the name, rank and identification number of each officer and inmate who saw or heard or was in a position to see or hear or who is believed to have information about the incident [that] occurred on

---

[1] Plaintiff refers to Defendant Woodall as a male. A review of the exhibits Defendants filed in support of their motion for summary judgment indicates Defendant Woodall may be female. See Doc. 139-1 at 4. The Court will continue to use the male pronoun given Plaintiff's indications that this Defendant is male.

June 22, 2012." Defendant Woodall responded as follows: "As I did not witness either use of force, I am not aware of any officers or inmates who may or may not have been able to witness the uses of force themselves." See Plaintiff's Motion to Compel, Exhibit A (Doc. 118-1).

If true, asserting lack of knowledge or an inability to recollect information, is an acceptable discovery response. However, an answering party must provide complete responses and may not "ignore information immediately available to him or under his control." Essex Builders Grp., Inc. v. Amerisure Ins. Co., 230 F.R.D. 682, 685 (M.D. Fla. 2005). "As a general rule a party in answering interrogatories must furnish information that is available to [him] and that can be given without undue labor and expense." 8B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2174 (3d ed. 2019). As such, a party answering an interrogatory must do so without evasion and "in accordance with information that the answering party possesses after due inquiry." Id. § 2177.

Upon review, Defendant Woodall's response to Interrogatory #21 fails to indicate what steps, if any, were taken to obtain the requested information. Accordingly, it is unclear whether Defendant Woodall satisfied his obligation under the relevant Rules of Civil Procedure. Therefore, the Court directs Defendant Woodall to furnish a supplemental response to Interrogatory #21 by

**June 14, 2019.** If Defendant Woodall did not previously make a reasonable inquiry to obtain information that is available to him or under his control, he must do so, and he must disclose to Plaintiff any non-privileged responsive information obtained through such inquiry. If Defendant Woodall maintains he has no responsive information (after undertaking a reasonable inquiry), he must verify under oath the steps he took to obtain the information Plaintiff requested.

2. Plaintiff's Motion for Compliance (Doc. 143; Motion to Comply) is **DENIED**. Plaintiff asserts Defendants have not complied with the Court's Order (Doc. 140) granting his motion to compel (Doc. 120), in which the Court directed Defendants to afford Plaintiff twelve additional hours to review his medical and mental health records previously disclosed through discovery. See Motion to Comply at 2. In his motion to compel (Doc. 120), Plaintiff asked for additional time to review records previously disclosed and asked that his call-outs not be combined with those in his other case pending before this Court.

Plaintiff acknowledges he was provided additional time to review his medical and mental health records, but he disputes the number of records disclosed. Id. Plaintiff states he was not provided all records within the control and possession of Defendants from the date of the incident to the present, maintaining he was provided records for only 2012 and 2013. Id.

See also Notices (Docs. 144, 145). Plaintiff believes Defendants have additional records because defense counsel subpoenaed medical and mental health records from the Florida Department of Corrections ranging from January 1, 2013 through the date of the subpoena. See Notice (Doc. 145).

Defendants certify they have complied with the Court's Order, see Notice of Compliance (Doc. 142), and that they do not possess the number of medical records Plaintiff maintains they do, as related to this case, see id. See also Response to Motion (Doc. 147). Defendants attach to their Notice of Compliance call-out records, confirming Plaintiff reviewed records on three separate days for a total of over twelve hours and by the deadline set by the Court (Doc. 142-1). Defendants certify they have provided all records they have in their possession that relate to this case (not the other case Plaintiff has pending before this Court), and the records provided are the same ones they provided for Plaintiff's review on previous occasions. See Notice of Compliance at 1.

Upon review, the Court concludes Defendants have complied with the Court's Order (Doc. 140). Plaintiff was afforded twelve hours to review his medical and mental health records that were previously made available to him, and his call-outs were not combined with call-outs in his other case.

4

3. Plaintiff's Motion to Stay all Proceedings (Doc. 146) is **DENIED as moot.** Plaintiff asks the Court to stay the proceedings until Defendants comply with the Court's Order granting his motion to compel for additional time to review his medical and mental health records. As addressed in this Order, the Court finds Defendants have complied.

4. The Court sua sponte extends Plaintiff additional time to comply with its Order (Doc. 140). By **July 5, 2019,** Plaintiff should file either an amended response to Defendants' Motion for Summary Judgment (Doc. 128) or a notice of his intent to stand on his already-filed response and exhibits (Docs. 135, 136).

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of June, 2019.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Corey Milledge, #Q12023
Counsel of Record