UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

COREY MILLEDGE,

        Plaintiff,

v.                                          Case No. 3:17-cv-483-BJD-MCR

KENNETH S. TUCKER, et al.,

        Defendants.
_____

## ORDER

This cause is before the Court on Plaintiff's motion in limine (Doc. 184; Pl. Motion) and other pretrial matters. In his motion, Plaintiff asks the Court to preclude Defendants from offering evidence of or referencing at trial Plaintiff's history of mental illness and specific instances of behavioral issues caused by his mental illness, including an incident in which Plaintiff allegedly threw feces at prison guards. See Pl. Motion at 1.

Plaintiff asserts this evidence is not relevant under Rule 401 and therefore not admissible under Rule 402.[1] Id. at 2. Alternatively, Plaintiff contends the evidence is inadmissible under Rule 403 because its probative

---

[1] Rule 401 of the Federal Rules of Evidence provides, "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Rule 402 provides, "Irrelevant evidence is not admissible."

value is substantially outweighed by a danger of unfair prejudice.[2] Id. at 2-3. At the pretrial conference, Plaintiff's counsel expounded, contending the disputed evidence would confuse the jury and unnecessarily protract the proceedings. Additionally, counsel noted Plaintiff did not throw feces at prison guards during the incidents at issue in the case. Counsel acknowledged Plaintiff alleges the use-of-force incidents caused him to suffer emotional distress but emphasized Plaintiff does not assert he sustained a diagnosed mental illness, such as anxiety.

Defendants oppose the motion (Doc. 196; Def. Resp.), arguing Plaintiff placed his mental health at issue by seeking damages for emotional distress. See Def. Resp. at 1-2. They point to the parties' proposed jury instructions, number 11, which provides, "If you award [Plaintiff] compensatory damages for physical injuries, you may also award [him] damages for mental and emotional distress, impairment of reputation, and personal humiliation." See Doc. 190. At the pretrial conference, defense counsel also highlighted that Plaintiff himself mentions the feces-throwing incident in his amended complaint.

---

[2] Rule 403 provides, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Defendants rely on an Eleventh Circuit decision in support of their position. See Def. Resp. at 2 (discussing Hancock v. Hobbs, 967 F.2d 462, 467 (11th Cir. 1992), abrogated on other grounds by Jaffee v. Redmond, 518 U.S. 1 (1996)). In Hancock, the court held evidence of the plaintiff's past psychiatric treatment was relevant and admissible because the plaintiff placed her "mental condition in issue with her claim for damages." 967 F.2d at 467. The plaintiff alleged the incident caused her "mental anguish, anxiety, depression[,] and humiliation." Id.

Upon review of Plaintiff's motion, Defendants' response, and the parties' oral arguments,[3] the Court finds Plaintiff's motion is due to be granted in part and denied in part. Plaintiff has placed his mental health at issue. In his operative complaint (Doc. 27; Am. Compl.), Plaintiff alleges he "suffers from terrifying 'flashbacks' and 'nightmares' and suffered "embarrassment, humiliation, and emotional distress," and he seeks damages for those emotional injuries. See Am. Compl. at 15. Additionally, Plaintiff alleges that, on the day of the incidents, he was housed in a "transit care unit for inmates with mental health issues." Id. at 12. Because Plaintiff has placed his mental health at issue, reference to his mental health history is admissible under the

---

[3] The Court appreciates counsels' helpful and cogent arguments during the pretrial conference and counsels' efforts to confer with one another on pretrial and trial matters.

3

Federal Rules of Evidence. However, on this record, the Court finds any probative value of the feces-throwing incident is substantially outweighed by the danger of unfair prejudice or confusing the issues and, therefore, is inadmissible under Rule 403.

The Court notes that admissibility questions generally should be ruled upon as they arise during trial "to allow questions of foundation, relevancy, and prejudice to be resolved in context." See Stewart v. Hooters of Am., Inc., No. 8:04-CV-40-T-17-MAP, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007). With that in mind, any party may seek reconsideration of this ruling at trial in light of the evidence presented and shall make contemporaneous objections when evidence is elicited.[4]

Accordingly, it is now

**ORDERED:**

1.   Plaintiff's motion in limine (Doc. 184) is **GRANTED in part** and **DENIED in part** as stated in this Order.

2.   The parties' joint oral motion to allow Defendants to seek an expedited summary judgment ruling on the retaliation claim against

---

[4] For instance, Plaintiff himself may mention the feces-throwing incident when testifying to explain why officers allegedly beat him on June 22, 2012. Plaintiff alleges in his complaint that the feces-throwing incident is what precipitated the alleged beating that occurred in the medical room. See Am. Compl. at 12.

Defendant Parrish is **GRANTED**. The parties shall submit their respective positions for the Court's consideration no later than **August 18, 2021**. Each parties' filing should be no more than five pages.[5]

3.  By **August 18, 2021**, the parties shall confer and notify the Court whether they agree to a bench trial in lieu of a jury trial, beginning on August 25, 2021, per the Court's Order Scheduling Trial (Doc. 180). If the parties want to proceed with a jury trial, which must be continued given the recent COVID-19 outbreak, they shall notify the Court of dates on which they are <u>unavailable</u> during the months of October through January.

4.  The Court encourages the parties to revisit settlement negotiations. If they resolve the case, they shall immediately notify the Court.

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of August 2021.

_____
BRIAN J. DAVIS
United States District Judge

---

[5] The parties need not provide lengthy explanations of the summary judgment standard or the facts of the case, both of which the Court is familiar. Instead, they should directly and succinctly address the narrow issue on which they seek an expedited ruling. Consistent with the Court's Local Rules, the parties shall include "a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum." <u>See</u> M.D. Fla. R. 3.01(a). The Court would benefit most from a discussion of salient case law supporting the parties' respective positions.

Jax-6
c:
Counsel of Record

6