UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

COREY MILLEDGE,

        Plaintiff,

v.                             Case No. 3:17-cv-483-BJD-MCR

KENNETH S. TUCKER, et al.,

        Defendants.

_____

## **ORDER**

Before the Court is Defendants' second, limited motion for summary judgment (Doc. 204; Motion), with an exhibit (Doc. 204-1; Def. Ex.), which Plaintiff opposes through his Court-appointed counsel (Doc. 205; Pl. Resp.).[1] The claims in this case arise out of two incidents that occurred on June 22, 2012, at Suwannee Correctional Institution (Doc. 27; Am. Compl.). Only one claim arising out of the first incident is relevant to the motion before the Court: Plaintiff's First Amendment retaliation claim against Defendant Parrish. Briefly, Plaintiff alleges Defendants Parrish, Sodrel, Greene, Box, and Polanco gratuitously beat him inside the medical room in a manner Plaintiff describes

_____

[1] At Plaintiff's request, his Court-appointed counsel has moved to withdraw (Doc. 207). A hearing on this motion is scheduled for September 9, 2021, before the assigned magistrate judge.

as a planned attack. <u>See</u> Am. Compl. at 13. He contends Defendant Parrish participated in the alleged beating in retaliation for him having filed a grievance against her. <u>Id.</u> at 12. Allegedly, Defendant Parrish told Plaintiff before the incident, "I'm going to get you for lying on me in your grievance." <u>Id.</u>

Defendants argue Plaintiff's retaliation claim against Defendant Parrish is not viable because Plaintiff was found guilty of the disciplinary charge Defendant Parrish filed against him following the incident. <u>See</u> Motion at 1. <u>See also</u> Def. Ex. at 1. Defendants primarily rely on <u>O'Bryant v. Finch</u>, 637 F.3d 1207, 1215-16 (11th Cir. 2011), which held, "If a prisoner is found guilty of an actual disciplinary infraction after being afforded due process <u>and</u> there was evidence to support the disciplinary panel's fact finding, the prisoner cannot later state a retaliation claim against the prison employee who reported the infraction in a disciplinary report."

According to the disciplinary report, Defendant Parrish reported Plaintiff "lunged forward and bit [her] left index finger" when she was conducting a search for contraband. <u>See</u> Def. Ex. at 1. Based on Defendant Parrish's statement and subsequent investigation, Plaintiff was found guilty of battery or attempted battery. <u>Id.</u> Defendants contend Plaintiff received due process at the disciplinary hearing and there was some evidence to support the finding that Plaintiff engaged in the conduct Defendant Parrish reported. <u>See</u>

2

Motion at 2-3. See also Def. Ex. at 1 (noting Plaintiff declined staff assistance and refused to appear for the hearing). Defendants acknowledge Plaintiff alleges the retaliatory act (or the harm) was the excessive force incident itself, not the filing of the disciplinary report. See Motion at 2. But they say without elaboration or explanation, "that should not change the result" because Plaintiff "was found guilty of the conduct alleged against him during [the] incident." Id. at 2.

In response, Plaintiff acknowledges the O'Bryant rule generally applies in such cases. See Pl. Resp. at 4. However, he claims the disciplinary panel's decision is not "final" because he appealed the decision but received no response. Id. In support, Plaintiff cites a decision from the Northern District of Florida, Jackson v. Melia, No. 4:13CV398-WS, 2015 WL 1808892, at *12 (N.D. Fla. Apr. 21, 2015). See Pl. Resp. at 4. In Jackson, the court found the plaintiff's retaliation claim was not barred "because the disciplinary report was overturned." See 2015 WL 1808892, at *12.

The facts here are distinguishable from those in Jackson in a material way: Plaintiff does not demonstrate the disciplinary report was overturned. Assuming Plaintiff did appeal the disciplinary committee's findings,[2] Plaintiff

_____

[2] With his response, Plaintiff provides a copy of a grievance he sent to the Office of the Secretary for the Florida Department of Corrections on August 20, 2012. See Pl. Resp. at 9. In that grievance, Plaintiff reported the incidents that are the basis of his complaint, and he noted he had sent grievances directly to the institution on July

cites no authority suggesting the adjudication of guilt is not "final" simply because he received no response to his appeal. In fact, the relevant provision of the Florida Administrative Code provides, "If an error is discovered at any time after an inmate has been found guilty of a disciplinary infraction, the warden, . . . or the deputy director of institutions (classification) or designee is authorized to cause a rehearing to take place within 30 days of the discovery of the error or the receipt of a successful grievance or appeal." See Fla. Admin. Code r. 33-601.310(1). There is no evidence of a successful grievance or appeal, and given Plaintiff did not receive a rehearing, the disciplinary committee's finding of guilt would appear to stand.

Regardless of whether the disciplinary report against Plaintiff is "final," the Eleventh Circuit decision upon which Defendants rely is inapplicable under the circumstances. In O'Bryant, the plaintiff claimed two prison guards retaliated against him for filing grievances by submitting fabricated disciplinary reports against him. See 637 F.3d at 1211. The court affirmed summary judgment in favor of the prison guards because the plaintiff was convicted of the disciplinary charges after "being afforded adequate due

---

6, 2012, July 20, 2012, and again on August 8, 2012, but he received no responses. Id. at 9-13. In the grievance, he does not mention disciplinary charges or the hearing, id., which was held on August 9, 2012, before he initiated the grievance process at the institution level, see Def. Ex. at 1.

process." Id. at 1215. The court reasoned that a later judicial challenge to the disciplinary report itself—in the form of a retaliation claim—would "render the disciplinary system impotent" because, if the plaintiff were to succeed in court on his retaliation claim, the factual findings would directly contradict those of the disciplinary committee. Id. at 1216. As the Eleventh Circuit succinctly explained in a later opinion, "It could not both be true that (1) the reports against [the plaintiff] were false and retaliatory (as his federal claim alleged), and (2) those same reports were true and not retaliatory (as the disciplinary panel concluded)." See Sears v. Roberts, 922 F.3d 1199, 1206 (11th Cir. 2019).

By the plain language of the O'Bryant rule, a retaliation claim will be barred only when the prisoner directly challenges a disciplinary report by asserting the reporting prison official fabricated the allegations: "If a prisoner is found guilty of an actual disciplinary infraction after being afforded due process and there was evidence to support the disciplinary panel's fact finding, the prisoner cannot later state a retaliation claim against the prison employee who reported the infraction in a disciplinary report. 637 F.3d at 1215 (second emphasis added).

In the Sears case, the Eleventh Circuit emphasized the basis for its holding in O'Bryant. See 922 F.3d at 1206. The plaintiff in Sears alleged

officers used excessive force against him in violation of the Eighth Amendment. Id. at 1204. The district court granted summary judgment for the defendants because the plaintiff was found guilty of the conduct charged in the disciplinary report. Id. at 1205. The Eleventh Circuit vacated the district court's order, holding the success of the plaintiff's Eighth Amendment claims would not "depend on a finding that the disciplinary panel's decision was wrong." Id. at 1207. In this regard, the court drew a comparison to a Heck-bar analysis, noting the "disciplinary panel decided only that [the plaintiff] committed battery" against an officer, but it "did not make any factual findings about what the officers did to [the plaintiff] after that." Id. (citing Dixon v. Hodges, 887 F.3d 1235, 1238 (11th Cir. 2018)).[3]

Similar to a Heck-bar analysis, whether the O'Bryant bar applies is a fact-specific inquiry. And contrary to Defendants' unsupported contention, the type of retaliatory conduct alleged matters. If a prisoner alleges a prison official falsified a disciplinary report because the prisoner exercised his First Amendment right to free speech, and the prisoner was adjudicated guilty after having been afforded due process, his retaliation claim against the reporting officer would be barred under O'Bryant. This is so because a successful

---

[3] "[A]s long as it is possible that a § 1983 suit would not negate the underlying [punishment], then the suit is not Heck-barred." Dixon, 887 F.3d at 1238 (alteration in original).

retaliation claim would require the plaintiff to prove facts directly contradicting those found by the disciplinary committee.

But the same is not necessarily true if the alleged retaliatory conduct was a physical assault or other adverse action because the factual foundation for the claims may not conflict. See, e.g., Jacoby v. Mack, 755 F. App'x 888, 903 (11th Cir. 2018) (holding the district court erred in dismissing the portion of the plaintiff's retaliation claim based upon unjustified, targeted cell and strip searches but affirming dismissal of the portion of the plaintiff's retaliation claim based upon alleged false disciplinary charges because the plaintiff "was afforded due process in the hearing"); see also Bumpus v. Watts, 448 F. App'x 3, 5, 6 (11th Cir. 2011) (affirming dismissal of the plaintiff's retaliation claim insofar as it was based on alleged wrongful disciplinary action but reversing dismissal of the portion of the retaliation claim based on other alleged wrongful conduct—the plaintiff's removal from a higher-paying prison job, his placement in "the hole," and confiscation of personal property).

Here, Plaintiff does not allege the retaliatory conduct (or the harm) was the filing of false disciplinary charges against him. In fact, he does not dispute the factual foundation of the disciplinary report. Plaintiff argues instead that the retaliatory conduct was the alleged planned beating that occurred inside the medical room. Plaintiff's success on his retaliation claim against Defendant

Parrish would not necessarily contradict the factual basis for the disciplinary charges against him. In other words, if a jury were to find that Defendant Parrish used excessive force against Plaintiff in retaliation for him having filed a grievance, the disciplinary committee's finding that Plaintiff bit Defendant Parrish would not necessarily be undermined.

Accordingly, Defendants' motion for summary judgment (Doc. 204) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of August 2021.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Counsel of Record